In re GORDON SUPPLY & MFG. CO.

(District Court, M. D. Pennsylvania.   December 17, 1904.)

1. BANKRUPTCY—APPRAISEMENT—PURPOSE OF.
   The purpose of the appraisement which is directed to be made by Bankr. Act July 1, 1898, § 70b, 30 Stat. 566 [U. S. Comp. St. 1901, p. 3451], is to secure for the benefit and protection of all parties concerned a designation and estimate of the property which passes into the hands of the trustee, for which in the first instance he is to be accountable.

2. SAME—MANNER OF MAKING.
   The particularity with which such appraisement is to be made is not indicated, and depends somewhat upon circumstances. It should, however, be general, and not special, and should not go into the detail practiced by a merchant taking an inventory of stock; only such particularity being indulged in as is sufficient to reasonably identify the property in character and quantity, and give a fair idea of its value.

In Bankruptcy.   On bills of appraisers.

W. H. Jessup, for trustee.

ARCHBALD, District Judge.   The bankruptcy act provides that all real and personal property belonging to bankrupt estates shall be appraised by three disinterested appraisers, who shall be appointed by and report to the court.   Section 70b, Act July 1, 1898, c. 541, 30 Stat. 566 [U. S. Comp. St. 1901, p. 3451].   The manifest purpose of this is to secure for the benefit and protection of all parties concerned a designation and estimate of the property which passes into the hands of the trustee, and for which in the first instance he is accountable.   The particularity with which it is to be made is not indicated, and must depend somewhat on circumstances, there being no set rule which can be laid down.   It is not to descend into minutiæ, however, nor go into the detail practiced by a merchant taking inventory of his stock.   This is not only unnecessary, but it involves too much expense, and, as an economical administration is the cardinal rule of the bankruptcy law, it is not sanctioned thereby.   An appraisement must be general, rather than special, only such particularity being indulged in as will be sufficient to reasonably identify the property in character and quantity, and give a fair idea of its value.   More than this is not expected, and therefore to be avoided; or at least, if indulged in, must be paid for by those who direct it, and not out of the estate.   It is in this respect that the appraisement for which the present bills are rendered errs, and, as the same is true of several others which have recently been before the court, I am moved to give expression to this opinion for the guidance of the profession and others.   The aggregate charges of the appraisers in this case amount to $200; one of them claiming $95, another $80, and the third $25, according to the number of days which were, respectively, spent by each in the performance of their duties.   The rate charged—$5 a day—is not out of the way, but the time is entirely beyond what was called for, the two whose bills are the largest having devoted the one 19 and the other 16 days to the work, which was extended over nearly 6 weeks.   There is no question as to the completeness and accuracy of what was

done. The only thing to complain of is that it was done too well. I am informed that the appraisers not only went over the stock of hardware and supplies of the bankrupt company, shelf by shelf and package by package, but that they consulted invoices and price lists, making a calculation of trade discounts, as one would who wanted to know its value to the last dollar. This was a waste of labor, serving no useful purpose, and going far beyond anything intended by the law. The question is whether the work, having been done in this way, should be paid for, or whether the bills should be cut down to what they would amount to on the true basis. I am inclined, under all the circumstances, to approve them as they stand, indicating my views in this way for its effect on future cases, rather than on this one. Having acted in good faith, and without any one to give them direction, or to suggest the limit to which they should go, it hardly seems just to hold them to the rule now for the first time promulgated, however correctly it expounds the law. The bankruptcy law is still new, and we are all learning, and it will not do to hold to it too rigidly where it has not yet been construed and defined. I will therefore direct the payment of these bills by the trustee without deduction, but shall expect all parties to take note of what is here said, and to see to it that hereafter appraisement expenses are kept down to what they ought to be, and no more.

Bills approved.